**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **AUTOBYTEL, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CASE NO.  2:04-CV-338** |
| **vs.** | § | |
| | § | |
| **DEALIX CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Autobytel's Motion to Compel (Docket No. 183).  After considering the parties' written submissions and oral arguments, the motion is **GRANTED in part** and **DENIED in part**.

**BACKGROUND**

Autobytel brought suit for infringement of U.S. Patent No. 6,282,517 ("the '517 patent") on September 24, 2004.  Over a year after filing suit, Autobytel added a charge of willful infringement. On June 6, 2006, Dealix produced a non-infringement opinion (the "non-infringement opinion") concerning the '517 patent prepared by Mr. Gard of Carr & Farrell ("opinion counsel").  Autobytel also received all documents related to the non-infringement opinion that were in opinion counsel's possession, but Dealix's trial counsel first redacted all work product that had not been communicated to Dealix.  Dealix did not produce a privilege log in accordance with  Local Patent Rule 3-8(b).

On June 29, 2006, Dealix refused to produce any other communications or work product related to the non-infringement opinion on the basis that the scope of the privilege waiver did not extend beyond opinion counsel.  Autobytel brought a  motion to compel production of documents

1

the next day.

Autobytel asserts that Dealix had waived privilege for and seeks the following documents: (1) communications and documents relating to the non-infringement opinion in Dealix's possession, including communications and work product from opinion counsel; (2) communications between Dealix and Cobalt, the entity that acquired Dealix; and (3) opinions or correspondence concerning the non-infringement opinion or concerning the '517 patent from Wilson Sonsini, Dealix's counsel during its merger with Cobalt ("merger counsel").  Autobytel stated at oral argument that it did not seek production of Dealix's trial counsels' work product or trial counsels' e-mail communications with Dealix.  Autobytel also seeks a privilege log pursuant to Local Patent Rule 3-8 of withheld documents related to Dealix's defense to willful infringement.

## APPLICABLE LAW

Federal Circuit law governs discovery disputes over "materials relat[ing] to an issue of substantive patent law."  *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir. 2001).  The extent to which a party waives its attorney-client privilege when it asserts the advice-of- counsel defense against a charge of willful patent infringement necessarily involves issues of substantive patent law.  *See In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1298 (Fed. Cir. 2006).

Since willfulness is a question of the accused infringer's state of mind, inquiries into willfulness focus on whether the accused infringer's beliefs and actions were reasonable.  *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992).  The reasonableness of an infringer's reliance on advice of counsel is an important factor in determining whether infringement was willful.  *Simmons, Inc. v. Bombardier, Inc.*, 221 F.R.D. 4, 9 (D.D.C. 2004).

2

Whether the infringer believed the advice was competent is relevant to the infringer's reasonable reliance; this inquiry focuses on whether the advice was "'thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable.'" *EchoStar*, 448 F.3d at 1303 (quoting *Ortho Pharm.*, 959 F.2d at 944). Also relevant is whether the infringer received any other opinions of counsel regarding the same subject matter of the relied-upon advice. *See id.* at 1299. When a defendant asserts an advice-of-counsel defense, the defendant waives privilege as to both attorney-client communications and communicated work product[1] regarding the subject matter of the opinion because such documents are evidence of a relevant and non-privileged fact, namely what the defendant knew about infringement. *See id.* at 1302-03.

In *EchoStar*, the defendant had two opinions of counsel regarding infringement, an earlier opinion obtained from in-house counsel and a later opinion from outside opinion counsel. The defendant chose to rely on the in-house opinion, yet asserted that privilege was not waived for the outside opinion. The lower court in *EchoStar* held that the defendant waived privilege as to all attorney-client communications and work product regarding infringement—the subject matter of the underlying opinion letter—once the underlying opinion letter was asserted in defense of a willful infringement charge.[2] *TiVo Inc. v. EchoStar Comm'ncs Corp.*, No. 2:04-CV-1-DF, at *13 (E.D. Tex. 2005) (Folsom, J.). The defendant sought mandamus challenging the lower court's decision that the waiver included all work product regardless of whether it was communicated to the defendant.

---

[1] The Court uses this term to include both work product that is actually communicated and work product that reflects a communication.

[2] TiVo was not seeking attorney-client communications or work product from Echostar's trial counsel.

3

*EchoStar*, 448 F.3d at 1297.

The Federal Circuit treated the attorney-client-communication waiver and attorney-work-product waiver separately. *Id*. at 1300. The *EchoStar* court defined the advice-of-counsel privilege waiver broadly, holding that the waiver extends to "'all other communications relating to the same subject matter.'" *Id.* at 1299 (quoting *Fort James v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005). The Federal Circuit held that the waiver for attorney-client communications extends beyond communications with the counsel which provided the advice; once a defendant relies upon advice of counsel it "waive[s] the attorney-client privilege with regard to any attorney-client communications relating to the same subject matter, including communications with counsel other than [counsel which provided the relied upon advice]." *Id*. at 1301. The *EchoStar* court held that the defendant's reliance on an in-house opinion of non-infringement waived privilege as to its outside-counsel opinion because the outside opinion was "within the same subject matter" of the in-house advice. *See id*. at 1299.

The Federal Circuit held that work-product waiver is not as broad as the attorney-client privilege waiver. *Id.* at 1302. The *EchoStar* court resolved a split of authority in the lower courts by holding that work product that is not communicated to the client is not discoverable. *Id.* at 1303. The Federal Circuit reasoned that uncommunicated work product does not assist in determining whether the client knew it was infringing. *Id.* Reliance on advice of counsel waives the work-product privilege as to two categories: "documents that embody a communication between the attorney and client concerning the subject matter of the case, such as a traditional opinion letter," and "documents that discuss a communication between attorney and client concerning the subject matter of the case but are not themselves communications to or from the client." *Id.* at 1302 (stating that

4

these categories are not necessarily exhaustive).  The *EchoStar* court held that

> when an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused.  This waiver of both the attorney-client privilege and the work-product immunity includes not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client.

*Id*. at 1304.  The Federal Circuit recognized that redaction might be required to protect information outside the scope of the waiver.  *Id*. (stating that parties should take special care to redact uncommunicated work product from documents which reference an attorney-client communication within the scope of the waiver).

## ANALYSIS

### *To whom the waiver applies*

Dealix opposes Autobytel's motion to compel on the basis that *EchoStar* does not require waiver beyond any counsel providing formal patent-infringement opinions and on the basis that the "same subject matter" of the waiver is limited to the subject matter of the underlying advice of counsel.

First, Dealix argues that the scope of the waiver extends only to counsel that provide formal patent-infringement opinions.  Dealix argues that *EchoStar* rightly prevents a defendant from asserting one non-infringement opinion while simultaneously asserting privilege for another opinion regarding infringement and *EchoStar* should be limited to that context.  Autobytel argues that *EchoStar* requires a broad subject-matter waiver that extends beyond opinion-counsel documents.

Autobytel seeks discovery of communications from Dealix's in-house counsel, merger

counsel, and opinion counsel regarding the same subject matter of the asserted non-infringement opinion. The advice-of-counsel defense makes the reasonableness of the infringer's reliance a question of fact.  What opinion counsel communicated to the infringer is relevant to that reliance, and Dealix has acknowledged that Autobytel is entitled to unredacted copies of documents communicated to Dealix by Dealix's opinion counsel.  However, Dealix may have also received advice from other counsel regarding potential infringement of the '517 patent or regarding the competency of the opinion letter.  Such communications bear directly on whether Dealix's reliance on the non-infringement opinion was reasonable.  The subject-matter approach is in line with the language of *EchoStar*, which explicitly held that assertion of one non-infringement opinion waived privilege for "any attorney-client communications relating to the same subject matter, including communications with counsel other than [opinion] counsel." *EchoStar*, 448 F.3d at 1299.

Because Autobytel does not seek trial-counsel documents, the Court does not reach the issue of whether *EchoStar* requires waiver of trial-counsel communications or communicated work product.    However, Dealix waived privilege for non-trial-counsel communications and communicated work product relating to the same subject matter of its opinion letter.

*Scope of "same subject matter" waiver*

Next, Dealix asserts that the subject-matter scope of the waiver in this case is limited to non-infringement because the "same subject matter" of the waiver is limited to the underlying opinion subject matter.  Autobytel argues that Dealix's reliance on a non-infringement opinion waives communications regarding infringement, enforceability, and validity.  At oral argument, Autobytel further argued that the waiver extends to any attorney-client communications or communicated work product that either "concern" the '517 patent or are "contemporaneous" with the non-infringement

6

opinion.  There is no basis for interpreting *EchoStar* to require waiving privilege for any document that merely references a patent or is generated at approximately the same time as an infringement opinion.  *See EchoStar*, 448 F.3d at 1303.  However, whether the waiver extends to all willful-infringement defenses, or is limited to the subject matter of the underlying opinion, is a closer question.

*EchoStar* summarized its separate holdings regarding attorney-client communications and work-product waiver in broad terms; assertion of an advice-of-counsel defense waives "immunity for any document or opinion that embodies or discusses whether that patent was valid, enforceable, and infringed."  *Id*. at 1304.  However, the *EchoStar* court did not squarely address whether the waiver extends beyond the subject matter of the underlying opinion to include all defenses to willful infringement.  Courts confronting this issue after *EchoStar* have been split.  *See Genentech, Inc. v. Insmed Incorp.*, 2006 WL 2336484, *8 (N.D. Cal. Aug 10, 2006) (limiting waiver to the subject matter of the relied-upon opinion); *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 2006 WL 2329460, *1 (N.D. Cal. Aug. 9, 2006) (holding the advice-of-counsel privilege waiver extends to documents related to the opinion which the defendant relies upon); *Affinion Net Patents, Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354, 356 (D. Del. 2006) (holding that the advice-of-counsel privilege waiver applied to any defense to infringement); *Beck Sys., Inc. v. Managesoft Corp.*, 2006 WL 2037356, *1 (N.D. Ill. Jul 14, 2006) (treating waiver as applicable to "attorney-client communications and work-product material on the same subject matter as the legal opinions on which it relies"); *Intex Recreation Corp. v. Team Worldwide Corp.*, 439 F. Supp. 2d 46, 49 (D.D.C. 2006) (holding that the subject matter waiver scope includes infringement, validity, and enforceability); *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 2006 WL 2038461, *1

(N.D. Cal. Jul. 14, 2006) (holding the advice-of-counsel privilege waiver is limited to the "subject of the opinion or advice" that defendant relies upon); *Ind. Mills & Mfg., Inc. v. Dorel Indus., Inc.*, 2006 WL 1749413, *7 (S.D. Ind. May 26, 2006) (declining to expand the waiver beyond the subject matter of the underlying opinion because *EchoStar* did not "squarely address[] that issue"), *withdrawn on other grounds by Ind. Mills & Mfg., Inc. v. Dorel Indus., Inc.*, 2006 WL 1993420 (S.D. Ind. Jul. 14, 2006).

The Court is not persuaded that *EchoStar* mandates waiver as to unenforceability, validity, and non-infringement when an advice-of-counsel defense of non-infringement only is asserted.  First, a broad application of the *EchoStar* decision is inconsistent with the lower court's holding in that case.  The underlying opinion of counsel in *EchoStar* was limited to non-infringement, and the lower court in *EchoStar* had limited the waiver to the subject matter of the underlying opinion.  Notably, the Federal Circuit overturned and narrowed the lower court's holding regarding work-product waiver, but it did not disapprove or explicitly broaden the lower court's holding that scope of the waiver is defined by the subject matter of the underlying opinion.[3]  Furthermore, the *EchoStar* court cited *Akeva LLC v. Mizuno Corp.*, 243 F. Supp. 2d 418, 423 (M.D.N.C. 2003), in concluding that asserting advice-of-counsel waives privilege for any other attorney-client communications relating to the same subject matter.  *Id.*  The *Akeva* court also defined the "same subject matter" as the subject matter of the underlying opinion.  *Akeva*, 243 F. Supp. 2d at 422.

The purpose of the advice-of-counsel privilege waiver is to allow an inquiry into the

---

[3] The Federal Circuit cited the lower court's language that introducing an opinion of non-infringement opened to inspection "all related advice. . . [regarding] potential *infringement*" without criticism.  *Id*. at 1299 (emphasis added).  However, on remand, the lower court ordered the defendant  produce "all documents created by [opinion counsel] that relate to any infringement or validity analysis of the '389 patent where said documents (1) were communicated to EchoStar or (2) reflect a communication to EchoStar . . . ."  2:04-CV-1, Docket No. 729.

infringer's state of mind regarding the infringer's reasonable reliance on its advice of counsel.  Non-infringement, invalidity, and unenforceability are separate and independent defenses to infringement.  If a defendant has reasonably relied on ultimately erroneous advice of counsel that a patent is invalid, unenforceable, *or* not infringed, the advice is evidence that the infringement was not willful.  *See Ortho Pharm*., 959 F.2d at 944.  Therefore, inquiries into the infringer's state of mind regarding infringement defenses not addressed in the underlying opinion are of limited utility in determining whether the infringer's reliance on the underlying opinion is reasonable.

Balanced against this limited utility are the policies of the attorney-client communication privilege and work-product immunity: encouraging attorney-client communications and preventing parties from "piggybacking" on each other's work product.  *EchoStar*, 448 F.3d at 1301.  The issue of expanding the subject matter of the advice-of-counsel waiver to include all defenses to infringement was not squarely before the *EchoStar* court; therefore this Court declines to interpret *EchoStar* as requiring a broad and ultimately unhelpful subject-matter waiver.

Autobytel is entitled to discovery related to whether Dealix's reliance on its asserted non-infringement opinion is reasonable.  Because Dealix has asserted an opinion of non-infringement in defense of Autobytel's willfulness charge, the scope of the subject matter waiver is limited to potential infringement of the '517 patent.

*Documents included in Autobytel's motion to compel*

Autobytel does not seek discovery of Dealix's trial-counsel work product or attorney-client e-mail communications.  Autobytel does seek disclosure of communications and communicated work product between Dealix and its in-house counsel.  Autobytel is not entitled to discovery of in-house counsel communications and communicated work product where Dealix's in-house counsel

9

acted as a mere conduit between trial counsel and Dealix employees.  To hold otherwise would effectively allow discovery of trial-counsel communications and work product merely because of how privileged trial-counsel documents were disseminated to Dealix.  However, Autobytel is entitled to in-house counsel communications and communicated work product that include independent advice regarding potential infringement of the '517 patent or regarding the non-infringement opinion.

Autobytel seeks production of communications between Dealix and Cobalt that relate to infringement or analysis of the '517 patent.  Autobytel stated at oral argument that production of Dealix-Cobalt communications dated within ninety days of the non-infringement opinion is satisfactory and has therefore waived production of documents outside this time frame.  Dealix argues that such communications and work product are confidential under the common legal interest doctrine ("CLI") and are not within the scope of the advice-of-counsel defense privilege waiver.  *See In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

The CLI doctrine extends the attorney-client privilege to communications prompted by threatened or actual civil or criminal proceedings and intended to facilitate representation between potential co-defendants with a common legal interest and their counsel.  *Id.* at 710-11; *Aiken v. Tex. Farm Bureau Mut. Ins. Co.*, 151 F.R.D. 621, 623 (E.D. Tex. 1993) (Cobb, J.).  Although Autobytel did not eventually sue Cobalt, Cobalt and Dealix were potential co-defendants in Autobytel's lawsuit and acted under a threat of imminent litigation by Autobytel.  *Cf.  Santa Fe*, 272 F.3d at 708-09, 713 (finding no potential co-defendant CLI privilege for documents prepared years before suit was filed and not prepared in the anticipation of litigation).  Cobalt and Dealix also had a natural and common interest in consulting about a potential infringement suit because the suit might impact the merger of the companies.  *See In re LTV Sec. Litig.*, 89 F.R.D. 595, 604 (N.D. Tex. 1981).  Thus, the CLI

10

privilege extends to communications between Cobalt, Dealix, and their counsel regarding common legal issues that were intended to facilitate representation in possible subsequent infringement litigation. *See Hodges, Grant & Kaufman,* 768 F.2d at 721; *Aiken,* 151 F.R.D. at 623. However, when Dealix asserted the advice-of-counsel defense, it waived the CLI privilege as to communications or communicated work product related to potential infringement of the '517 patent or related to the non-infringement opinion.

Autobytel also seeks production of attorney-client communications and communicated work product from Dealix's merger counsel that "concern" the '517 patent or that concern legal advice regarding Dealix's merger with Cobalt. Dealix waived privilege for merger counsel communications or communicated work product regarding either potential infringement of the '517 patent or the non-infringement opinion. All other privileged communications and communicated work product from merger counsel remain privileged.

Additionally, Autobytel has moved to compel production of all documents relating to the opinion for which privilege has been waived. Dealix produced the opinion and related documents from opinion counsel's records, with uncommunicated work product redacted. Autobytel is entitled to documents and communications between opinion counsel and Dealix in Dealix's possession. *See Comark Commc'ns v. Harris Corp.*, 156 F.3d 1182, 1190 (Fed. Cir. 1998) (stating that for reliance to be reasonable, advice of counsel must be competent and based on the best information known to the defendant). Dealix conceded that Autobytel is entitled to all documents in Dealix's possession received from opinion counsel in unredacted form.

Last, Autobytel has moved to compel Dealix to produce a privilege log pursuant to Local Patent Rule 3-8(a). Dealix argues that a separate log is not necessary because all documents were

11

included in another produced log and because the parties agreed to forego logging post-suit privilege information.  While the parties previously agreed not to log post-suit privilege information, this agreement was before willful infringement became an issue in this case.  A privilege log will greatly assist in the inquiry into Dealix's state of mind regarding the non-infringement opinion.  Accordingly, the Court orders Dealix to produce  a privilege log of withheld non-trial-counsel documents relating to its advice-of-counsel defense.

## CONCLUSION

Accordingly, the Court **GRANTS in part** Autobytel's motion to compel production of documents.   Dealix is **ORDERED** to produce: (1) all non-trial-counsel attorney-client communications regarding either potential infringement of the '517 patent or the non-infringement opinion; (2) all non-trial-counsel work product communicated to Dealix regarding either potential infringement of the '517 patent or the non-infringement opinion; and (3) all non-trial-counsel uncommunicated work product that references an attorney-client communication  regarding either potential infringement of the '517 patent or the non-infringement opinion.  These documents may be redacted to remove information that is either unrelated to infringement of the '517 patent, unrelated to the non-infringement opinion, or that represents uncommunicated work product.  With regard to communications and work product communicated between Dealix and Cobalt, this waiver is limited to documents within ninety days before or after the date on which Dealix received the non-infringement opinion.  Dealix must also produce all documents in Dealix's possession received from opinion counsel in unredacted form.  Finally, Dealix is  ordered to produce a privilege log for non-trial-counsel documents pursuant to Local Patent Rule 3-8.  Autobytel's motion to compel is **DENIED** in all other respects.

**So ORDERED and SIGNED this 3rd day of October, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**